IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SCOTT ALLEN WALKER**                                              **PLAINTIFF**

V.                          CASE NO. 5:19-CV-05189

**DETECTIVE ZACHARY WARE (#499),**
**Siloam Springs Police Department**                                **DEFENDANT**

## OPINION AND ORDER

Plaintiff Scott Allen Walker filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The claims at issue in this case concern Walker's arrest on August 6, 2019, his subsequent detention, and his state criminal case.

The case is before the Court on the Motion to Dismiss (Doc. 12) filed by Defendant Detective Zachary Ware. Specifically, Detective Ware maintains that this case is barred by the pending state criminal action and that Walker has failed to assert a plausible claim against him. Walker has responded the Motion. *See* Doc. 17. For the reasons stated below, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Walker was arrested on August 6, 2019, on a warrant for felony theft from the Siloam Springs Wal-Mart. The theft offense date was April 4, 2018. Walker contends that on April 4, 2018, he was in federal custody and could not have committed the underlying criminal offense.

Prior to his arrest, Walker contends that he had spoken to a Siloam Springs Police Department detective. However, at the time, Walker did not know the detective's name

1

and listed him in the Complaint as a "John Doe" Defendant. Walker claims that he advised this John Doe detective that he was in federal custody on the date of the offense and could not have stolen from the Wal-Mart in Siloam Springs. According to Walker, the detective did not believe him and stated that the individual accused of committing the crime looked just like him.

Walker was taken to the Benton County Detention Center ("BCDC"), where he continued to protest that he had been falsely accused of theft. He claims that on September 16, 2019, he appeared before the Honorable Robin Green, Benton County Circuit Judge, who ordered his immediate release after confirming that he had been falsely accused. In fact, Walker was only released on bond, and his criminal charge remains pending. Walker asserts in the instant lawsuit that he was mistakenly identified, wrongfully arrested, falsely accused, and unlawfully imprisoned. As relief, Walker seeks compensatory and punitive damages.

On October 28, 2019, Walker filed a motion to amend (Doc. 8) indicating that he had now identified the John Doe Defendant as Detective Zachary Ware. Walker believes Detective Ware prepared the affidavit for his arrest. The motion to amend was granted and the Court ordered service of the Complaint on Detective Ware. (Doc. 9).

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true,

to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Detective Ware argues that this case is barred by the *Younger* abstention doctrine because the underlying state criminal matter, *State v. Walker*, 04CR-19-2012, is still ongoing.[1] The docket sheet in the criminal case indicates that the felony theft charge is, indeed, pending and a pretrial hearing is set for March 12, 2020. Walker argues that the *Younger* abstention doctrine should not apply because the "current state case that is pending legally should not exist." (Doc. 17 at 3). However, it is a settled principle of comity that state courts should be allowed to exercise their functions without interference from the federal courts particularly where a state criminal trial is pending. *Hicks v. Miranda*, 422 U.S. 332 (1975).

In *Younger*, the Court held that absent extraordinary circumstances, federal courts should not interfere with state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 54 (1971). The *Younger* abstention doctrine applies "if the proceeding: (1) involves an

---

[1] As Detective Ware correctly points out, the Court may take judicial notice of public records and consider them on a motion to dismiss. *Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

ongoing state judicial proceeding, (2) implicates an important state interest, and (3) provides an adequate opportunity to raise constitutional challenges in the state proceeding." *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011). The Court finds that *Younger* abstention applies here because Walker's felony theft charge remains pending, and he has only been released on bond pending trial. Walker has not identified any barrier to his ability to raise constitutional challenges in his state court case. Further, there are important state law interests in enforcing felony theft of property laws and in allowing state courts to administer their own cases.

## IV. CONCLUSION

For the reasons stated, Detective Ware's Motion to Dismiss (Doc. 12) is **GRANTED IN PART AND DENIED IN PART.** As Walker seeks damages, a stay of this case rather than a dismissal is warranted. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) (finding that when *Younger* abstention is warranted, equitable claims may be dismissed but damages claims should be stayed). This case is hereby **STAYED** and **ADMINISTRATIVELY TERMINATED.** At the conclusion of his state criminal case, Plaintiff may file a timely motion to reopen this action.

**IT IS SO ORDERED** on this 25th day of February, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE