IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SCOTT ALLEN WALKER**                                                                              **PLAINTIFF**

**V.**                                        **CASE NO. 5:19-cv-05189**

**DETECTIVE ZACHARY WARE,**
**Siloam Springs Police Department;**
**OFFICER JAMES L. COOLEY,**
**Siloam Springs Police Department;**
**JAYME WEBER, Wal-Mart Stores,**
**Inc., Asset Protection; BROOKE**
**POOLE, Wal-Mart Stores, Inc.,**
**Asset Protection; SILOAM SPRINGS**
**POLICE DEPARTMENT; and**
**WAL-MART INC.**                                                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott A. Walker, currently an inmate of the Washington County Detention Center, filed this civil rights action under 42 U.S.C. § 1983. Walker proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for preservice screening of the Amended Complaint (Doc. 44) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

This case was initially filed on October 7, 2019. In the complaint, Walker alleged that he was arrested on August 6, 2019, on a warrant for felony theft of property from the Wal-Mart store in Siloam Springs. The date of the theft was April 4, 2018. Detective Zachary Ware was eventually identified as the arresting officer and was substituted for

1

the John Doe Detective in the complaint. (Docs. 8 & 9). The complaint was served on Detective Ware, and then later, the case was stayed and administratively terminated pending resolution of the theft charge. (Doc. 29). That charge was eventually dismissed on November 19, 2020. (Doc. 44 at 5 & 34). On January 8, 2021, Walker's motion to reopen the case was granted. (Doc. 42).

On January 13, 2021, Walker filed an Amended Complaint. (Doc. 44). In this pleading he names as Defendants Detective Walker and Officer James Cooley of the Siloam Springs Police Department; Jayme Weber and Brooke Poole, both with asset protection for Wal-Mart; the Siloam Springs Police Department; and Wal-Mart, Inc. *Id.* According to the allegations of the Amended Complaint, the theft that occurred on April 4, 2018, involved a Hewlett Packer ("HP") Core i7 processor with 16 GB of ram and a HP Omen 27" monitor, all valued at $1,887. *Id.* at 4, 16, 37 & 40–41. Walker was allegedly identified through surveillance footage. *Id.* Walker maintains that on June 28, 2019, Weber and Poole gave Officer Cooley a picture of Walker and accused him of stealing the computer. *Id.* at 16. Officer Cooley's incident report is attached to the Amended Complaint. (Doc. 44 at 35–36). In it, Officer Cooley indicates that he obtained a picture of Walker from the National Crime Information Center/Arkansas Crime Information Center and checked it against the picture that was provided to him by Wal-Mart. He confirmed the two pictures were of the same person. *Id.* at 36. Officer Cooley also indicates that he took into evidence a DVD with "digital media of the theft." *Id.*

Walker alleges that the picture provided by Weber and Poole to Officer Cooley was a picture of Walker from a separate incident that occurred on August 6, 2019, in a Wal-

2

Mart in Springdale, which resulted in his arrest. (Doc. 44 at 27 & 35). Walker contends that Officer Cooley took what Weber and Poole told him at face value and did not himself investigate the theft in Siloam Springs on April 4, 2018. *Id.* at 9. He maintains that Detective Ware also failed to properly investigate. According to Walker, Detective Ware put Walker's name on a warrant for theft along with someone else's social security number, an incorrect address, and the wrong hair color. *Id.* at 10 & 33.

Walker was arrested on August 6, 2019, and Detective Ware transported him to the Benton County Detention Center ("BCDC"). *Id.* at 39. Walker alleges not only that the Defendants failed to properly investigate the theft, but that they also "went against established procedures." *Id.* at 15. As a result, Walker argues that he was falsely arrested and remained incarcerated from August 6, 2019, to October 28, 2019, and from February 22, 2020, to November 19, 2020. Walker maintains that this period of imprisonment amounted to involuntary servitude. *Id.* at 22. Further, Walker also claims that on August 7, 2019, while in the BCDC, he "was tackled by officers . . . for having toilet paper in my hand and was charged for bringing drugs into" the BCDC. *Id.* at 29. Walker insists that he could not have brought drugs into the BCDC because he was "drug x-rayed" when booked in. *Id.* Eventually, Walker pleaded guilty to the drug charges, resulting in a three-year sentence to the Arkansas Department of Correction. *Id.* Walker adds that if he had he not been falsely arrested, he would not have been charged with bringing drugs into the BCDC. *Id.* at 29-32. He attempts to assert a claim for defamation against all Defendants under § 1983.

With respect to the Siloam Springs Police Department and Wal-Mart, Walker

contends that they should be held liable for failing to properly train their employees.

## II. LEGAL STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Claims Against Weber, Poole, and Wal-Mart

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege each Defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195

4

F.3d 1007, 1009 (8th Cir. 1999).

"Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A private individual or entity who reports a crime, provides information to the police, responds to questions by the police, and is a potential witness for the prosecution does not act under color of law. *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). Weber and Poole are not police officers. There is no allegation in the Amended Complaint that they conspired with or operated pursuant to an agreement with the police. Instead, they merely reported a shoplifting. In such a circumstance, the mere invocation of state legal procedures does not constitute state action. *See Benavidez v. Gunnell*, 772 F.2d 615, 618 (10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983. The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985."); *see also Parks v. Wal-Mart,* 2009 WL 4730940, * 1 (W.D. Ark. Dec. 7, 2009). For these reasons, the Court finds that Weber, Poole, and Wal-Mart did not act under color of law, and all claims asserted against them are subject to dismissal.

### B. Defamation Claim

To the extent Walker attempts to assert a claim for common-law defamation against the other Defendants pursuant to § 1983, the claim is subject to dismissal. The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 701

5

(1976). *Id.* at 701; *see also Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("[D]amage to reputation is not alone sufficient to invoke procedural due process."); *Kloch v. Kohl*, 545 F.3d 603, 609 (8th Cir. 2008) ("As a constitutional matter, however, [the plaintiff] is not entitled to due process protection for damage to his reputation alone.").

### C. Siloam Springs Police Department

A police department is not considered a person subject to suit under § 1983. *See, e.g., Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (finding that West Memphis Police Department and Paramedic Services are departments or subdivisions of city government and are not separate "juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."). Therefore, the Siloam Springs Police Department is subject to dismissal as a party to this lawsuit.

### D. Official-Capacity Claim

An official-capacity claim is considered a claim against the employing governmental entity, here, the City of Siloam Springs. *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 669 (8th Cir. 2012). "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted).

Walker does not contend that any of the policies of the City of Siloam Springs were unconstitutional. Instead, he contends Detective Ware and Officer Cooley violated the policies of the City of Siloam Springs by failing to independently investigate the theft

report.

The next method of establishing municipal liability is through the existence of an unofficial custom.

> [A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

Corwin, 829 F.3d at 700 (citation and internal quotation marks omitted). There are no allegations in the Amended Complaint that suggest the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct. Further, there are no allegations that show that County officials received notice that such unconstitutional conduct was occurring in widespread fashion among members of the police force.

The final method to establish liability on the part of the City of Siloam Springs is through a failure-to-train theory. Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010). The City may be subject to liability for the inadequate training of its employees where: "(1) the [City's] . . . training practices [were] inadequate; (2) the [City] was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate or conscious choice by [the City]; and (3) an alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." Id. (citation and internal quotation marks omitted).

Walker alleges that Detective Ware's and Officer Cooley's failure to independently investigate the theft of property at Wal-Mart was based on a failure in their training. This

7

bare allegation, without more, is insufficient to state a plausible failure-to-train claim against the City of Siloam Springs. The official-capacity claim is therefore subject to dismissal.

## IV. CONCLUSION

For the reasons just stated, the following claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b): (1) all claims against Jayme Weber, Brooke Poole, and Wal-Mart, Inc.; (2) all claims against the Siloam Springs Police Department; (3) the defamation claim; and (4) all official-capacity claims.

This leaves for later resolution Walker's remaining claims against Detective Ware and Officer Cooley. By separate order, the Amended Complaint will be served on Officer Cooley. Detective Ware has already been served.

**IT IS SO ORDERED** on this 25th day of January, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE